Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ESTRELLA HOMES II, LLC<br><br>Recurrida<br><br>v.<br><br>SOL ANGÉLICA PARÍS CALDERÓN<br><br>Peticionaria | TA2026CE00157 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: FCCI201400533<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Comparece Sol Angélica París Calderón (en adelante, peticionaria) para solicitarnos la revisión de la *Orden* emitida y notificada el 16 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante la *Orden* recurrida, el foro *a quo* declaró *No Ha Lugar Urgente moción solicitando que se deje sin efecto aviso de desahucio.*[1]

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari.*

I

En el caso de marras se emitió una *Sentencia* en rebeldía el 17 de marzo de 2015, notificada el 30 del mismo mes y año.[2] Producto de dicho dictamen, el foro de instancia declaró *Ha Lugar* la *Demanda* y condenó a la peticionaria al pago de: (i) la suma de $67,195.32 dólares de principal; (ii) intereses al 10.055% anual, desde el 11 de octubre de 2013, hasta su total y completo pago; (iii)

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1, Apéndice Parte 9, pág. 191.
[2] *Íd.*, Apéndice Parte 3, págs. 6-10. Véase, además, Apéndice Parte 4, págs. 11-12.

$7,228.00 dólares por concepto de costas, gastos y honorarios de abogado; (iv) una cantidad que se adeudaba mensualmente a partir del 11 de noviembre de 2013, por concepto de unas partidas enumeradas, y (v) cargos por demora. Además, ordenó la venta en pública subasta del inmueble hipotecado para aplicar el importe de la venta al saldo de la deuda. Posteriormente, el 11 de diciembre de 2015, el tribunal *a quo* emitió *Sentencia Nunc Pro Tunc*, la cual notificó el 16 del mismo mes y año.[3]

Años más tarde, el 1 de noviembre de 2021, la peticionaria interpuso una *Urgente solicitud de nulidad de subasta y que se deje sin efecto lanzamiento*,[4] la cual fue denegada mediante *Orden* emitida el 2 de diciembre de 2021, y notificada el 6 del mismo mes y año.[5] Sobre esta determinación la peticionaria solicitó la reconsideración,[6] petitorio que fue declarado *No Ha Lugar*.[7]

Luego de varios trámites innecesarios reseñar, el 29 de septiembre de 2025, la peticionaria presentó una *Urgente moción solicitando se deje sin efecto aviso de desahucio*.[8] Planteó que las partes habían estado intercambiando información conducente a la materialización de una oferta transaccional de la venta. Indicó que, lo anterior, implicaba que no procedía el aviso de desahucio en su contra. A tenor, solicitó que se dejara sin efecto el aviso de desahucio.

En respuesta, mediante *Orden* emitida y notificada el 16 de octubre de 2025, el tribunal de instancia declaró la misma *No Ha Lugar*.[9]

---

[3] SUMAC TA a la Entrada Núm. 1, Apéndice Parte 4, págs. 14-19.
[4] *Íd.*, Apéndice Parte 4, págs. 21-26.
[5] *Íd.*, Apéndice Parte 6, pág. 102.
[6] *Íd.*, Apéndice Parte 7, págs. 105-121.
[7] *Íd.*, Apéndice Parte 8, pág. 153.
[8] *Íd.*, págs. 177-180 y Apéndice Parte 9, págs. 181-184.
[9] *Íd.,* Apéndice Parte 9, pág. 191.

Insatisfecha con lo resuelto, el 31 de octubre de 2025, la peticionaria presentó una solicitud de reconsideración.[10] En esencia, reiteró los mismos argumentos esbozados en su *Urgente moción solicitando se deje sin efecto aviso de desahucio*. Solicitó que se declararan nulo los procedimientos de desahucio y subasta. Posteriormente, el 18 de diciembre de 2025, presentó una solicitud para que se tuviese por sometido su ruego, sin oposición de la parte recurrida del título.[11]

En respuesta, mediante *Orden* emitida el 22 de diciembre de 2025, y notificada el 8 de enero de 2026, el tribunal de instancia denegó la solicitud de reconsideración.[12]

Aun en desacuerdo, el 9 de febrero de 2026, la peticionaria interpuso una *Petición de certiorari*, en el cual esgrimió la comisión de los siguientes dos (2) errores:

**A. ERRÓ EL HONORABLE FORO DE INSTANCIA AL DECLARAR NO HA LUGAR LA URGENTE SOLICITUD DE NULIDAD DE SUBASTA Y QUE SE DEJE SIN EFECTO LANZAMIENTO DE LA PARTE DEMANDADA-RECURRENTE.**

**B. ERRÓ EL HONORABLE FORO DE INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN SOBRE ÓRDENES DENEGANDO QUE SE DEJE SIN EFECTO LANZAMIENTO, Y LA MOCIÓN PARA QUE SE TENGA POR SOMETIDA SIN OPOSICIÓN LA MOCIÓN DE RECONSIDERACIÓN DE LA PARTE DEMANDADA-RECURRENTE.**

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, esta tiene la facultad de "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho [. . .]".[13] En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso.

---

[10] SUMAC TA a la Entrada Núm. 1, Apéndice Parte 9, págs. 192-200.

[11] *Íd.*, págs. 202-203.

[12] *Íd.,* Notificación 8 de enero de 2026.

[13] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

II

## A. Expedición del Recurso de *Certiorari*

Es norma harta conocida que el recurso de *certiorari* es el vehículo procesal adecuado para revisar una determinación interlocutoria emitida post sentencia.[14] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[15] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[16] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[17]

Específicamente, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime los criterios que el Tribunal deberá considerar para expedir un auto de *Certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[18]

---

[14] *Negrón García v. Srio. de Justicia*, 154 DPR 79, 95 (2001).
[15] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).
[16] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).
[17] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.
[18] *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 59-60.

De otra parte, cabe destacar que el Tribunal Supremo de Puerto Rico ha establecido que un foro revisor no debe sustituir su criterio por la primera instancia judicial, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[19]

Por otro lado, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[20]

A la luz de la normativa antes expuesta, procederemos a resolver la controversia ante nos.

### III

Mediante el presente recurso, la peticionaria nos convida a concluir que el tribunal *a quo* incidió al declarar *No Ha Lugar* su solicitud a los fines de que se dejara sin efecto el lanzamiento ordenado. Asimismo, plantea que el referido foro falló al declarar sin lugar la moción de reconsideración presentada sobre el antedicho dictamen.

Según expusimos en nuestra previa exposición doctrinal, cuando se presenta ante nuestra consideración un recurso de *certiorari*, nuestro ordenamiento jurídico le confiere discreción a este foro apelativo para intervenir únicamente en aquellas determinaciones en las que el foro primario haya actuado de forma arbitraria, cometido un craso abuso de discreción, surja un error en la interpretación de cualquier norma procesal o de derecho sustantivo, o cuando la determinación constituya una grave

---

[19] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[20] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008)

injusticia.[21] Con lo anterior en mente, nos dimos a la tarea de evaluar este recurso, así como los documentos que lo acompañaron, para determinar si estaban presente las circunstancias para intervenir.

Luego de haber evaluado minuciosamente lo anterior, juzgamos que este recurso de *certiorari* no satisface ninguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para intervenir en el mismo.[22] En el recurso incoado por la peticionaria, se nos solicitó intervenir con una resolución en la cual el Tribunal de Primera Instancia actuó dentro del ámbito de su discreción judicial.[23] Además, razonamos que la parte peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa, conforme al asunto planteado, constituiría un rotundo fracaso de la justicia. En consecuencia, no atisbamos razón para intervenir con la determinación recurrida. Siendo así, nos es forzoso denegar la expedición de este auto de *certiorari*.

## IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari*. Se devuelve el caso al foro de instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] *Pueblo v. Irizarry*, supra, a las págs. 788–789.
[22] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.
[23] *Íd.*